UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-CR-00020-GFVT-MAS-2 |
| ) | |
| BRUCE MARVIN CHILTON, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

The Court, on referral from Judge Gregory F. Van Tatenhove, considers the alleged violation of supervised release conditions by Defendant Bruce Marvin Chilton ("Chilton"). Considering the record and proffer, the Court **RECOMMENDS** that the District Court **REVOKE** Chilton's term of supervised release and impose a custodial sentence of sixty (60) days to be followed by a 2-year term of supervised release. The Court also recommends that the District Court impose as terms of Chilton's supervised release requirements that (1) participate in and complete an inpatient substance use program; (2) undergo a mental health evaluation by the United States Probation Office; and (3) complete a mental health treatment program.

**I.    BACKGROUND**

On March 15, 2022, Chilton pled guilty to conspiracy to distribute a mixture containing a detectable amount of fentanyl in violation of 21 U.S.C §§ 841(A)(1) and

1

846 (Count 1); and aiding and abetting the possession with intent to distribute a mixture containing a detectable amount of fentanyl and methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 3). [DE 43]. Following a Sentencing Hearing on July 5, 2022, Judge Van Tatenhove sentenced Chilton to 24 months' imprisonment followed by 2 years of supervised release. [DE 64]. The Judgment included, among others, the following mandatory release conditions:

> **Mandatory Condition #1:**  You must not commit another federal, state, or local crime.
>
> **Mandatory Condition #2:**  You must not unlawfully possess a controlled substance.
>
> **Mandatory Condition #3:** You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[DE 64, PageID# 208].

On September 7, 2023, United States Probation Officer J. Thomas Daniel ("Officer Daniel") submitted correspondence ("Violation Report") alleging a violation of the above referenced mandatory conditions of Chilton's supervised release. Officer Daniel reported that on August 30, 2023, Chilton admitted to using heroin about five days prior. Chilton subsequently submitted to a urinalysis, which yielded positive results for presumptive fentanyl. [Violation Report at 1]. He further reported that Chilton denied knowingly ingesting fentanyl but acknowledged that it was possible that fentanyl was present in the heroin he used. [Violation Report at 1].

Chilton's admitted use of heroin constitutes a violation of Mandatory Conditions #1–3. Violation of Mandatory Condition #3 is a Grade C violation, and violations of Mandatory Conditions #1–2 are both Grade B violations.

## II.    PROCEDURAL HISTORY

In response to the Violation Report, Judge Van Tatenhove issued a warrant for Chilton's arrest. [DE 68]. Following his arrest, Chilton came before the undersigned for an initial appearance on September 14, 2023 pursuant to Federal Rule of Criminal Procedure ("Rule") 32.1. [DE 69]. The Court advised Chilton of his constitutional rights, including his right to a preliminary hearing pursuant to Rule 32.1(b)(1)(A). Chilton competently, knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [DE 69]. The Court further found that Chilton failed to carry his release burden under Rule 32.1(a)(6) and 18 U.S.C. § 3143(a), and therefore ordered Chilton be detained pending the Final Hearing. [DE 69].

At the Final Hearing on September 20, 2023, the Court determined that Chilton was competent to enter a knowing, voluntary, and intelligent stipulation to the charged violations and Chilton ultimately stipulated to Violations #1–2 contained in the Violation Report. [DE 72]. The Court found that the United States had established the reported violations as reflected in the Violation Report.

Violation #1 is a Grade C violation and Violation #2 is a Grade B violation. "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." USSG

3

§ 7B1.2(b). Thus, the Court utilized Grade B for Guidelines determination purposes in this case. Chilton's criminal history category, as established at the time of his original Judgment, is Category I. The parties do not dispute that the recommended guideline range of imprisonment would be 4 to 10 months. *See* USSG § 7B1.4(a). The statutory maximum term upon any revocation is not more than 36 months, and there is no maximum term of supervised release that can be imposed. 18 U.S.C. § 3583(e)(3), (h); 21 U.S.C. § 841(b)(1)(B).

At the Final Hearing, defense counsel advocated for a revocation well below the lower end of the Guideline range—no longer than 90 days—to allow USPO to locate an inpatient facility for substance use treatment. Defense counsel expressed that Chilton, before the instant violations, had some success going to a methadone clinic and that he seeks to undergo further treatment for his substance use disorder. He also indicated that Chilton's violations occurred shortly after the death of his wife in July 2023 and that inpatient treatment would help provide him with tools to cope and prevent future drug use.

The United States advocated for a period of incarceration based on the nature of the offense and Chilton's characteristics. Still, it indicated no opposition to defense counsel's proposal for inpatient treatment for Chilton's substance use disorder. The United States requested that Chilton undergo a mental health assessment and receive mental health treatment as an additional term of supervised release.

### III.  ANALYSIS

The Court has evaluated the entire record and considered the arguments and proffer presented at the Final Hearing, in addition to the Presentence Investigation Report ("PIR") and the factors set forth in 18 U.S.C. § 3583(e).  The court is cognizant that the instant violations are Chilton's first violations of the terms of his supervised release.  While the violations are certainly serious—involving the use of deadly controlled substances, heroin and fentanyl—the Court does acknowledge that the violations closely followed the death of Chilton's wife of fourteen years.

Considering the incorporated § 3553(a) factors, revocation is warranted to address the violation's conduct, Chilton's original offense, and to ensure he receives the medical care he needs. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B) & (D).  Based on the proffer during the Final Hearing and Chilton's own statements regarding his substance use, Chilton's substance use disorder and mental health are closely intertwined.  Thus, the following recommendation is informed by the statutory factors in § 3553(a) as incorporated in § 3583(e), as well as the Guidelines. *See generally United States v. Johnson*, 640 F.3d 195 (6th Cir. 2011); see USSG § 5H1.3 ("Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release[.]").

Chilton's original offense involved the possession and intent to distribute both fentanyl and methamphetamine.  While the violation conduct involving the unlawful possession and use of controlled substances is aggravating, the Court distinguishes personal use from the distribution associated with his underlying conviction.

5

For these reasons, the Court recommends revocation and the imposition of a custodial sentence of no more than sixty (60) days, during which time USPO and Chilton's counsel may locate an inpatient facility. If USPO or Chilton locates a suitable facility before the termination of his custodial sentence, and upon an appropriate motion, the Court recommends that the District Court commute Chilton's custodial sentence. The Court also recommends that the District Court reimpose a 2-year term of supervision. In addition to the terms in Chilton's original Judgment, the Court recommends that, as conditions of his continued supervision, Chilton (1) complete an inpatient substance use treatment program; (2) undergo a mental health evaluation by USPO; and (3) based on the results of USPO's mental health evaluation, that Chilton participate in and complete a mental health treatment program. Such a sentence reflects the salient § 3553(a) factors, as discussed, and accords the Guidelines themselves proper consideration.

## IV. RECOMMENDATION

Accordingly, for the reasons stated herein, the Court **RECOMMENDS** that:

1. Chilton be found **GUILTY** of the violations of Mandatory Conditions #1–3;

2. Chilton's current term of supervised release be **REVOKED**;

3. Chilton be sentenced to a 60-day term of imprisonment with a 24-month term of supervised release to follow;

4. The Court impose the following special conditions of supervised release, in addition to the conditions provided in Chilton's original Judgment:

a. Chilton shall complete an inpatient substance use treatment program;

b. Chilton shall undergo a mental health evaluation by the United States Probation Office; and

c. Following a mental health evaluation, Chilton shall participate in and complete a mental health treatment program as determined to be appropriate by the United States Probation Office.

Entered this 2nd of October, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY